*Bartley, J.
The only question presented by the motion [367 in the district court, on which this case was reserved, is whether the statute regulating appeals to the district court, passed March 23, 1852, authorized an appeal in a case of this kind. The statute provides for appeals from all final judgments in civil cases at law, decrees in chancery, and interlocutory decrees dissolving injunctions rendered by the court of common pleas, in which that court had original jurisdiction. If, therefore, a petition in partition be a civil cause, in which the court of common pleas had original jurisdiction, the right of appeal existed. A petition for partition is neither a suit in chancery, nor a common-law action, but a civil suit or proceeding *368 prescribed by statute. The expression “ civil cases at law,” in the language of the statute, distinguishes a class of remedies from suits in equity, and the criminal and quasi criminal modes of procedure, and comprehends all civil cases at law, whether the action be given by statute, or existed as common law. G-iving, therefore, the expression “ civil cases at law,” its proper meaning, it includes a petition for partition, as well as the various other suits or actions authorized by statute. The only serious objection made to this construction of the statute, is, that it would include mere motions and summary proceedings, in which appeals should not exist, unless it be in the form of petitions in error. Mere motions or summary proceedings, based upon other matters before the court, clearly do not belong to the class of remedies by original suit or action, designed to be comprehended by the expression, “ civil cases at law.” Neither is the proceeding under the bastardy act, to which counsel have referred in argument, included, which is a proceeding originating under the jurisdiction of a justice of the peace, and quasi criminal in its nature.
It is urged on behalf of the motion, that the statute authorizing appeals from the common pleas to the Supreme Court, under the former constitution of the state, was not substantially different from the present statute on that subject; and that according to the ad-368] judications of the ^Supreme Court, the right of appeal was limited to actions at law and suits in chancery, and did not extend to any of the remedies prescribed by statute; and by an express decision on the question, in the case of Hay v. Hites, 11 Ohio, 254, did not extend to petitions in partition. The decisions of the Supreme Court, under the former constitution, upon this subject, gave an interpretation to a different statute from that now under consideration, and therefore, although analogous, is not strictly binding in this case. On account of the condition of the business in the Supreme Court, and the peculiar organization of the judiciary under that constitution, a construction was given to the statute authorizing appeals fully as strict and rigid as would be justifiable in case of penal enactments. We have been disposed to view this subject somewhat differently, and have, therefore, treated the statute authorizing appeals, as remedial in its nature, and by the ordinary and settled rules of construction, as being entitled to a liberal interpretation. This is the view expressed upon the subject in the case of *369 Hubble v. Renick, 1 Ohio St. 172. And in accordance with this interpretation, it was held,'in the case of Knoup v. The Piqua Bank, 1 Ohio St. 604, that the statute authorizing appeals in all civil cases, applied to all civil causes, whether the form of the suit was prescribed by statute, or existed at common law. And there appears to be a peculiar propriety in adhering to this interpretation of the statute on the subject of appeals, at this time, inasmuch as the code of civil procedure, recently adopted in this state, has dispensed with all actions at common law and suits in chancery, and left parties in all remedies by suit in court, to the forms of remedy prescribed by statute.
The motion to dismiss the appeal is therefore overruled, and the cause remanded to the district court.